IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHARLES RAY LAND,**           )<br>      **Plaintiff,**                       )<br>                                                 )<br>**v.**                                            )<br>                                                 )<br>**HAROLD W. CLARKE, et al.,**  )<br>      **Defendants.**                    ) | Civil Action No. 7:12-cv-00354<br><br>**MEMORANDUM OPINION**<br><br>By:   Hon. Michael F. Urbanski<br>        United States District Judge |

Charles Ray Land, a Virginia inmate proceeding pro se, filed a verified complaint, pursuant to 42 U.S.C. § 1983, and a motion for a temporary restraining order ("TRO"). Plaintiff requests a TRO to force defendants L. Fleming, Warden of the Keen Mountain Correctional Center ("KMCC"), and Whited, the KMCC Medical Supervisor, to transport plaintiff to a local hospital "for immediate surgery" to alleviate hemorrhoids and a swollen rectum. The court reviewed plaintiff's submissions and finds that plaintiff is not entitled to a TRO.[1]

**I.**

Plaintiff's verified complaint and attachments reveal the following facts. Plaintiff met with a non-defendant doctor at KMCC on February 12, 2012, and explained that his rectum was "protruding outward." The non-defendant doctor ordered plaintiff to use ointment and a stool softener once a day, plaintiff's symptoms continued, and the doctor modified the order to twice a day. The medications did not help plaintiff because he still had pain and bleeding when using a toilet.

At a sick call on April 4, 2012, plaintiff thoroughly explained to defendants Dr. Miller and Nurse Hawks that his rectum was still swollen and "coming out." Dr. Miller recommended that plaintiff continue to use the ointment and stool softeners, but plaintiff asked for a different

---

[1] Although the motion for a TRO was not signed, the court addresses the motion's merits because plaintiff included the same requested relief in his signed verified complaint.

treatment because the ointment and stool softeners did not work.  Dr. Miller and Hawks laughed and told him to leave.  Plaintiff believes Dr. Miller delayed examination and treatment and "failed to conduct an adequate examination . . . .[,] to ask necessary questions . . ., or [to] perform [an] appropriate diagnostic test. . . ."

Plaintiff met Dr. Miller on May 23, 2012, about his continued symptoms.  Dr. Miller examined plaintiff's rectum and said, "God, it's bad, and it does look like you're in pain."  Instead of giving plaintiff something to reduce the pain and swelling, Dr. Miller continued the examination by lubing his finger and "unprofessionally with aggression shov[ing] his finger up my rectum causing . . . tremendous[,] excruciating pain."  Dr. Miller said, "It is bad," as he removed his finger, which caused "pain so intense that [plaintiff] collapsed onto the floor moaning in pain."  Dr. Miller said, "I don[']t know, but I'll see if I can get you a consult."  Plaintiff begged for a prescription to reduce the pain, but Dr. Miller reordered the ointment and stool softener and said plaintiff could buy pain reliever from the commissary.

A non-defendant, specialist doctor at a local hospital examined plaintiff on June 14, 2012, and conducted a colonoscopy on July 5, 2012.  The colonoscopy revealed "no mass lesion and no ulceration.  There were scattered diverticulosis. . . .  There was evidence of hemorrhoids."  (V.S. 13.)

Plaintiff was at the pill-call window on a later, unspecified date when plaintiff convinced Nurse Lester to examine his rectum.  Nurse Lester said his rectum looked bad and gave him a seat cushion and enough suppositories to last five days.  Plaintiff complains that his rectum and hemorrhoids have not been cured as of July 30, 2012.

**II.**

The purpose of a TRO is to preserve the status quo and avoid possible irreparable injury to a party until a hearing may be conducted.  See Steakhouse, Inc. v. City of Raleigh, 166 F.3d

634, 637 (4th Cir. 1999) ("The grant of interim [injunctive] relief is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it."). A court may issue a TRO without providing notice where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]"[2] Fed. R. Civ. P. 65(b)(1)(A). A movant must also establish (1) that he is likely to succeed on the merits, (2) that the balance of equities tips in his favor, and (3) that an injunction is in the public interest. Winter v. Nat'l Res. Defense Council, Inc., 555 U.S. 7, 19-22 (2008).

After weighing these considerations, the court finds that plaintiff is not entitled to a TRO. Although plaintiff argues that his continued pain and discomfort qualifies as an injury, nothing in the record demonstrates the likelihood of immediate and irreparable harm before defendants answer the complaint. Plaintiff does not establish that he is likely to succeed on the merits of an Eighth Amendment medical claim because he has received numerous evaluations by medical professionals, including a private doctor, to diagnose and treat his rectum and hemorrhoids. See Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (explaining that a health care provider violates the Eighth Amendment when a treatment is so grossly incompetent, inadequate, or excessive as to shock the conscience or is intolerable to fundamental fairness). Defendants, including Dr. Miller, gave plaintiff suppositories, a seat cushion, ointments, stool softeners, and a referral to a specialist for a colonoscopy. Furthermore, claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 action. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). A prisoner's disagreement with medical personnel over the course of treatment does

---

[2] Plaintiff did not certify in writing any effort he made to give a defendant notice of the motion for a TRO, and he did not explain why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). See Jourdan v. Jabe, 951 F.2d 108,

not state a § 1983 claim.  Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam).

The balance of equities weighs in defendants' favor as it does not appear that plaintiff will be able to prevail in this action.  Plaintiff is receiving treatment for his medical condition and simply disagrees with the course of that treatment.  The court is not in a position to micromanage plaintiff's medical care and it is clear from his complaint that there is no Eighth Amendment violation.  Finally, the public interest would not be served by the issuance of a TRO based on allegations that do not rise to the level of a constitutional claim.

### III.

Based on the arguments in the motion, the allegations in the verified complaint, and the present status of the case, no adequate basis exists to disturb the status quo.  Accordingly, plaintiff's motion for a TRO is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered:  August 15, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

109-10 (6th Cir. 1991) (holding that a pro se litigant is not entitled to special consideration to excuse a failure to follow a straightforward procedural requirement that a lay person can comprehend as easily as a lawyer).