IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CHARLES RAY LAND,** | ) | Civil Action No. 7:12-cv-00354 |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD W. CLARKE, et al.,** | ) | By:  Hon. Michael F. Urbanski |
|    Defendants. | ) |       United States District Judge |

Charles Ray Land, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Harold W. Clarke, the Director of the Virginia Department of Corrections ("VDOC"); George Hinkle, a VDOC Regional Director; L. Fleming, Warden of the Keen Mountain Correctional Center ("KMCC"); Dr. D. Miller, a medical doctor at KMCC; Whited, the KMCC Medical Supervisor; Phipps, a nurse at KMCC; C. Hawks, a Licensed Nurse Practitioner at KMCC; and J. Messer, the KMCC Human Rights Advocate. Plaintiff alleges that defendants imposed cruel and unusual punishment by not adequately treating his swollen rectum. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff met with a non-defendant doctor at KMCC on February 12, 2012, and explained that his rectum was "protruding outward." The non-defendant doctor ordered plaintiff to use ointment and a stool softener once a day, plaintiff's symptoms continued, and the doctor modified the order to twice a day. The medications did not help plaintiff because he still had pain and bleeding when defecating.

Several months later at a sick call on April 4, 2012, plaintiff thoroughly explained to defendants Dr. Miller and Nurse Hawks that his rectum was still swollen and "coming out."[1] Dr. Miller recommended that plaintiff continue to use the ointment and stool softeners, but plaintiff asked for a different treatment because the ointment and stool softeners did not work. Dr. Miller and Hawks laughed and told him to leave. Plaintiff believes Dr. Miller delayed examination and treatment and "failed to conduct an adequate examination . . . .[,] to ask necessary questions . . ., or [to] perform [an] appropriate diagnostic test. . . ."

Plaintiff returned to Dr. Miller on May 23, 2012, to discuss his continued symptoms. Dr. Miller examined plaintiff's rectum and said, "God, it's bad, and it does look like you're in pain." Instead of giving plaintiff something to reduce the pain and swelling, Dr. Miller continued the examination by lubing his finger and "unprofessionally with aggression shov[ing] his finger up [the] rectum causing . . . tremendous[,] excruciating pain." Dr. Miller said, "It is bad," as he removed his finger, which caused "pain so intense that [plaintiff] collapsed onto the floor moaning in pain." Dr. Miller said, "I don[']t know, but I'll see if I can get you a consult." Plaintiff begged for a prescription to reduce the pain, but Dr. Miller reordered the ointment and stool softener and said plaintiff could buy pain reliever from the commissary.[2]

Several weeks later on June 14, 2012, a non-defendant, specialist doctor at a local hospital examined plaintiff and conducted a colonoscopy on July 5, 2012. The colonoscopy revealed "no mass lesion and no ulceration. There were scattered diverticulosis. . . . There was evidence of hemorrhoids." (V.S. 13.) At a later, unspecified date, Nurse Lester examined plaintiff's rectum and gave him a seat cushion and enough suppositories to last five days. Plaintiff complains that his rectum and hemorrhoids have not been cured as of July 30, 2012.

---

[1] Plaintiff told Dr. Miller his symptoms in the presence of a correctional officer and loud enough for other inmates to hear him and, illogically, argues that an unspecified defendant should be liable for a breach of his medical privacy because he spoke loudly.

[2] Plaintiff does not allege the he could not obtain pain relievers from the commissary.

## II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[3] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff alleges that defendants acted negligently and violated medical privacy, due process, and the Eighth Amendment. However, plaintiff fails to describe a violation of federal law, and the

---

[3] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

court declines to exercise supplemental jurisdiction over any possible state law claim, pursuant to 28 U.S.C. § 1367(c)(3).[4]

### A.

A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need to state a claim under the Eighth Amendment for the unconstitutional denial of medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, such as loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. Sosebee v. Murphy, 797 F.2d 179, 181-83 (4th Cir. 1986).

Deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk. Farmer, 511 U.S. at 838. "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). See Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"). "A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." Miltier, 896 F.2d at 851-52. A health care provider may be deliberately indifferent when the treatment provided is so grossly incompetent, inadequate, or excessive as to shock the conscience or is intolerable to fundamental fairness. Id. at 851.

Assuming plaintiff's swollen and bleeding rectum constitute a serious medical need, plaintiff fails to establish any defendant's deliberate indifference, and he does not describe medical care that is intolerable to fundamental fairness. Dr. Miller and Nurse Hawks repeatedly

---

[4] Negligence is not a basis for § 1983 relief. See, e.g., Farmer v. Brennan, 511 U.S. 825, 835 (1994); Whitley v. Albers, 475 U.S. 312, 319-30 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986);

examined plaintiff and advised him to use ointment and stool softeners.  Dr. Miller also referred plaintiff to a specialist for a colonoscopy and advised plaintiff that he can obtain the appropriate pain medications from the KMCC commissary.  Plaintiff does not allege that he was unable to purchase non-prescription pain relievers, but he does admit that a non-defendant nurse gave him Motrin.[5]  Plaintiff's cannot pursue claims of medical malpractice and negligence via the Eighth Amendment and § 1983.  Estelle, 429 U.S. at 105-06.  See id. at 181; Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (noting that treating doctors must actually draw the inference that an inmate's symptoms signify the presence of a particular condition and that a failure to draw such an inference may present a claim for negligence but not a claim under the Eighth Amendment).  Plaintiff's disagreement with medical personnel over the course of treatment does not state a § 1983 claim.  Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam).

## B.

Plaintiff collectively faults defendants for allegedly violating plaintiff's unspecified constitutional right to medical privacy.  Plaintiff cites in support a fellow KMCC inmate's affidavit, who says he was ten feet away from plaintiff in the medical area when he heard plaintiff, not a state actor, tell Dr. Miller and two correctional officers how his rectum was bleeding.  Accordingly, plaintiff fails to identify how a person who acted under color of state law violated any federal civil right about the privacy of his medical condition.

## C.

Plaintiff argues that Fleming, Hinkle, Messer, Hawks, Whited, Phipps, and Dr. Miller violated due process because they read grievances about the allegedly inadequate medical care but did not intervene or cure his rectum.  However, plaintiff does not have a constitutional right

---

[5] Plaintiff's financial report in support of a motion to proceed in forma pauperis reveals that more than $220 was deposited to his inmate trust account in April, May, and June 2012.

to access a grievance system, <u>Adams v. Rice</u>, 40 F.3d 72, 74 (4th Cir. 1994), and a supervisory official's response to a grievance alone is not sufficient to establish the supervisor's deliberate indifference to a subordinate's unlawful act or omission.  Plaintiff also does not describe how any non-medical personnel was personally involved with a denial of treatment, deliberately interfered with Dr. Miller's treatment, or tacitly authorized or were deliberately indifferent to Dr. Miller's or a nurse's alleged misconduct where even a lay person would understand that the medical care provider is being deliberately indifferent.  <u>See, e.g.</u>, <u>Miltier</u>, 896 F.2d at 854.  Accordingly, plaintiff fails to state a claim against defendants about plaintiff's grievances or defendants' responses.

### III.

For the foregoing reasons, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1), and the court declines to exercise supplemental jurisdiction over any state law claim, pursuant to 28 U.S.C. § 1367(c)(3).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered:  October 15, 2012

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge